```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. STEWART LUCAS MURREY,

                Plaintiff,

-against-

AARON MINC, an individual, MINC Law, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C, a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TYRON, an individual; and JOHN DOE NUMBERS 1-10,

                Defendants.

21 Civ. 320 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Stewart Murrey, brings claims against Defendants Aaron Minc, Minc Law, Domingo J. Rivera, Rivera Law Group, PLC, PRVT L.L.C., Elizabeth Jordan, Internet Reputation Control, Anthony Will, Digital Revolution LLC, Brandyourself.com, Inc., Tom Vitolo, Christian Tyron, and John Does 1–10 for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962; California's unfair competition law (the "UCL"), Cal. Bus. & Prof. Code § 17200 *et seq*.; and California's statutory and common law right of publicity; and claims for common law fraud and civil conspiracy.[1] On December 22,

---

[1] On July 13, 2020, Plaintiff filed this action in the Central District of California, suing www.cheaterreport.com and Does 1 through 10 for defamation and violations of California's statutory and common law right of publicity. ECF No. 1. The Honorable Percy Anderson dismissed the complaint for lack of subject matter jurisdiction, and on August 3, 2020, Plaintiff filed the FAC against Defendants. *See* FAC. On December 18 and 28, 2020, Judge Anderson dismissed the claims against all defendants other than Brandyourself.com, Inc., Tom Vitolo, and Christian Tyron for lack of personal jurisdiction or failure to timely complete service. ECF Nos. 62 at 12, 66. On January 13,

2020, Brandyourself.com, Inc., Tom Vitolo, and Christian Tyron (the "Remaining Defendants") moved to dismiss the first amended complaint (the "FAC"). *See* Defs. Mot., ECF No. 63; FAC, ECF No. 9. For the reasons stated below, the Remaining Defendants' motion to dismiss is GRANTED.

## BACKGROUND[2]

Beginning in late 2016, a series of allegedly defamatory comments about Plaintiff were posted on the website www.cheaterreport.com (the "Website"), along with photographs taken from Plaintiff's personal website, dating profiles, and social media platforms. FAC ¶ 24. These posts "consumed" all other search engine results for Plaintiff's name, which "severely harm[ed] his reputation and end[ed] his ability to earn money." *Id.* ¶ 25. The comments on the Website ultimately led to Plaintiff's being arrested twice, once in 2017 and once in 2018, and Plaintiff's filing of two false arrest lawsuits, which were subsequently settled. *Id.* ¶ 32.

From 2017 to 2019, Defendants and others "solicited and received" thousands of dollars from Plaintiff to "remove online libel and rehabilitate [his] online reputation." *Id.* ¶¶ 28, 31, 59–60. Plaintiff alleges that although Defendants and others represented to him that they had no connection to the Website, they were actually in cahoots with the Website, "work[ing] illegally with other individuals and business entities operating and maintaining [the Website]" and giving "kickbacks to the Website's operators. *Id.* ¶¶ 28–31, 68, 87–89.

---

2021, Judge Anderson ordered the action transferred to this district, but declined to rule on the pending motion to dismiss. ECF No. 75 at 6. The case was then assigned to the undersigned. 2/10/2021 Docket Entry.

[2] The following facts are taken from the FAC, which the Court accepts as true for purposes of this motion. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014).

## DISCUSSION

I. <u>Legal Standard</u>

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions[] and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Ultimately, the facts pleaded in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. On a Rule 12(b)(6) motion, the court may consider only the complaint, documents attached to the complaint, matters of which a court can take judicial notice, or documents that the plaintiff knew about and relied upon. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Moreover, *pro se* litigants are entitled to "special solicitude," and the Court shall construe a *pro se* "complaint to raise the strongest claims that it suggests." *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

II. <u>Analysis</u>

A. RICO Claims

RICO "sets forth four specific prohibitions aimed at different ways in which a pattern of racketeering activity may be used to infiltrate, control, or operate 'a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.'" *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2097 (2016) (alteration in original) (quoting 18 U.S.C. § 1962). To plead a civil RICO claim under any of § 1962's subsections, a plaintiff must allege (1) conduct, (2) of an enterprise, (3) through either a pattern of racketeering activity or the collection of an unlawful debt. *See H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 232 (1989); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 119 (2d Cir. 2013) (citation omitted); *see also RJR Nabisco*, 136 S. Ct. at 2105.

RICO defines "racketeering activity" as the commission of certain criminal acts under state and federal law, including wire fraud under 18 U.S.C. § 1343 and extortion under 18 U.S.C. § 1951. 18 U.S.C. § 1961(1); *see also Liang v. Home Reno Concepts, LLC*, 803 F. App'x 444, 447 (2d Cir. 2020). Here, Plaintiff's RICO allegations are based on defamation, wire fraud, and extortion. *See* FAC ¶¶ 1, 44, 52, 67; Pl. Opp'n at 17, ECF No. 87.

Because "it is firmly established that defamation . . . do[es] not provide the requisite predicate for RICO violations," *Hollander v. Pressreader, Inc.*, No. 19 Civ. 2130, 2020 WL 2836189, at *4 (S.D.N.Y. May 30, 2020) (citation omitted), Plaintiff's allegations that Defendants published defamatory statements about him cannot serve as a predicate act for his RICO claim, FAC ¶¶ 52, 99.

Moreover, Plaintiff cannot support his RICO claim with predicate acts of wire fraud because he has not alleged wire fraud with sufficient particularity. The heightened pleading

4

requirements of Federal Rule of Civil Procedure 9(b) apply to RICO claims predicated on fraud. *See McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992). Therefore, Plaintiff must "specify the time, place, speaker, and content of the alleged misrepresentations, explain how the misrepresentations were fraudulent[,] and plead those events which give rise to a strong inference that [each] defendant[ ] had an intent to defraud, knowledge of the falsity, or a reckless disregard for the truth." *Jus Punjabi, LLC v. Get Punjabi US, Inc.*, 640 F. App'x 56, 58 (2d Cir. 2016) (quotation marks and citations omitted). "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987).

Plaintiff claims that Defendants and others (1) "intentionally flood[ed] the internet with misinformation that misdirects anyone reasonably searching for them to waste his or her time and resources and return to the state of despair that is, for those involved in this pattern of organized crimes, most profitable," FAC ¶ 34 (emphasis omitted); (2) intentionally misrepresented "on [their] website [and/or] to Plaintiff directly" that they "had nothing to do with," "strongly did not like," and "had no contact and or connections with" the Website "nor anyone and or any entity involved in operating and maintaining" the Website, *id.* ¶¶ 87–89; (3) "intentionally concealed from Plaintiff that they would work with and transact with individuals and entities responsible for operating and maintaining the [Website] . . . to induce Plaintiff to pay for 'removal services,'" *id.* ¶ 94; and (4) failed to uphold a promise to act in "good faith" and with "due diligence," *id.* ¶ 115.

These allegations do not "adequately specify the statements [Plaintiff] claims were false or misleading . . . [or] state when and where the statements were made." *McLaughlin*, 962 F.2d

5

at 191.  Plaintiff also does not identify the particular statements each Defendant made. *Cf. McGee v. State Farm Mut. Auto. Ins. Co.*, No. 08 Civ. 392, 2009 WL 2132439, at *5 (E.D.N.Y. July 10, 2009).  Even Plaintiff's most specific allegation, that Defendants communicated with Plaintiff "via multiple email, texts, and telephone" from February 2017 until August 2019, and "continued to intentionally misrepresent to Plaintiff that they had no connection with, much less did not support nor transact with those who host, operate and or maintain [the Website]," FAC ¶ 99, does not specify the fraudulent statements, which Defendant made the statement, or how each statement was made, *see Jus Punjabi*, 640 F. App'x at 58.  Therefore, Plaintiff has failed to properly allege wire fraud as a predicate act.  *See First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 179 (2d Cir. 2004); *see also Cont. Transp. Servs., Inc. v. New Era Lending LLC*, No. 17 Civ. 8224, 2018 WL 11226077, at *3 (S.D.N.Y. Oct. 26, 2018).

Finally, Plaintiff has not sufficiently alleged extortion.  To demonstrate that Defendants engaged in extortion, Plaintiff must allege that Defendants "obstruct[ed], delay[ed], or affect[ed] commerce or the movement of any article or commodity in commerce, by . . . extortion or attempt[ed] or conspire[d] so to do, or commit[ted] or threaten[ed] physical violence to any person or property in furtherance of a plan or purpose to do [so]."  18 U.S.C. § 1951; *see also McLaughlin*, 962 F.2d at 194.  Extortion is defined as the "obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."  18 U.S.C. § 1951(b)(2); *Entretelas Americanas S.A. v. Soler*, No. 19 Civ. 3658, 2020 WL 9815186, at *10 (S.D.N.Y. Feb. 3, 2020), *aff'd*, 840 F. App'x 601 (2d Cir. 2020), *as amended* (Jan. 7, 2021) (citation omitted).  "[F]atal" to an extortion claim is "[t]he absence of allegations of force, violence or fear."  *Entretelas Americanas*, 2020 WL 9815186, at

\*10 (collecting cases).

Here, Plaintiff does not allege any force or violence. Instead, he appears to allege that Defendants used fear, stating that "the 'removal business' enterprise component of the [alleged scheme] receives payments for removals of said lethal defamations." FAC ¶¶ 28, 68. To the extent that Plaintiff is referring to a fear of reputational harm from allegedly defamatory statements, such a fear is insufficient to state an extortion claim under RICO. *Conte v. Newsday, Inc.*, 703 F. Supp. 2d 126, 137 (E.D.N.Y. 2010). But, Plaintiff's claims, when construed liberally, could be seen as an attempt to allege that victims of Defendants fear the economic loss that would result from the defamatory statements. A fear of economic loss can sustain a claim for extortion if the fear is that "nonpayment would result in preclusion from or diminished opportunity for some existing or potential economic benefit." *DeFalco v. Bernas*, 244 F.3d 286, 313 (2d Cir. 2001) (citation omitted). The absence or presence of fear of economic loss "must be considered from the perspective of the victim, not the extortionist," and the plaintiff must show "that the victim reasonably believed: first, that the defendant had the power to harm the victim, and second, that the defendant would exploit that power to the victim's detriment." *Id.* (citation omitted).

Plaintiff has not sufficiently alleged an economic fear. Plaintiff does not claim that Defendants prevented him from going to other brand management firms to remove the defamatory statements, or that Plaintiff feared looking elsewhere because he believed Defendants would harm him. *See United States v. Capo*, 817 F.2d 947, 953 (2d Cir. 1987) (holding that fear of economic loss was not established where the victims were free to achieve their goals through other channels); *see also* FAC ¶ 106 (acknowledging the existence of brand management firms not involved in the alleged scheme). In fact, Plaintiff claims that he was not aware that

7

Defendants had any connection to the Website when he contracted with them, FAC ¶ 28, and, therefore, he could not have reasonably believed that Defendants would harm him if he did not hire them, *see Capo*, 817 F.2d at 951. Although Plaintiff argues in his opposition brief that "[D]efendants wrongfully communicated to [P]laintiff that if he did not pay them for their 'online reputation services', his life, work and ability to earn money would be forever decimated by the anonymous defamation and ever-present threat of [the Website], thus instilling fear of harm if [P]laintiff did not pay their fee and hire him," Pl. Opp'n at 19, no such threat is alleged in the FAC. Therefore, Plaintiff has not sufficiently alleged extortion.

Because Plaintiff has failed to allege any predicate acts, he has failed to state a RICO claim as well as a claim for RICO conspiracy. *See Entretelas Americanas S.A.*, 2020 WL 9815186, at *7; *First Cap. Asset Mgmt.*, 385 F.3d at 182. Accordingly, the Remaining Defendants' motion to dismiss Plaintiff's RICO claims is GRANTED.

      B.      State Law Claims

Plaintiff also brings state law claims for fraudulent misrepresentation, violation of the UCL, violation of California's right of publicity, and civil conspiracy. *See* FAC.

First, because Plaintiff's claim for fraud is predicated on the same allegations discussed above, Plaintiff fails to state a claim for fraud under the heightened pleading standards of Rule 9(b). FAC ¶¶ 86–97; *see also Adelphia Recovery Tr. v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 319 (S.D.N.Y. 2009).

Next, Plaintiff's claims for a violation of the UCL, which prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising," Cal. Bus. & Prof. Code § 17200, also fail. Plaintiff alleges a UCL violation based on the conduct underlying Remaining Defendants' alleged RICO violations, as well as wiretapping, criminal

eavesdropping, and trespass in order to eavesdrop.  FAC ¶ 110.  As discussed above, Plaintiff has not sufficiently alleged any predicate acts for a RICO violation, and the FAC contains no allegations that would support a claim based on wiretapping or eavesdropping by Defendants.  Therefore, Plaintiff has not sufficiently alleged that Defendants engaged in unlawful conduct.  And, because Plaintiff has not pleaded fraud with particularity and his allegations under the "unfair" prong sound in fraud, he also fails to allege that Defendants engaged in either unfair or fraudulent conduct.  FAC ¶ 111; *see also Silver v. Stripe Inc.*, No. 20 Civ. 8196, 2021 WL 3191752, at *7 (N.D. Cal. July 28, 2021); *Harris v. LSP Prod. Grp., Inc.*, No. 18 Civ. 2973, 2021 WL 2682045, at *13 n.6 (E.D. Cal. June 30, 2021).

Plaintiff's claim for violation of the California right of publicity, based on the use of his name and image on posts on the Website fails as well.  FAC ¶¶ 121–127.  Claims based on the common law or statutory right of publicity require the plaintiff to show that the *defendant* "appropriated the plaintiff's name or likeness for commercial purposes."  *Cross v. Facebook, Inc.*, 222 Cal. Rptr. 3d 250, 266–67 (Cal. App. Div. 2017) (quoting *Perfect 10, Inc. v. Google, Inc.*, No. 04 Civ. 9484, 2010 WL 9479060, at *13 (C.D. Cal. July 30, 2010), *aff'd*, 653 F.3d 976 (9th Cir. 2011)).  Therefore, Defendants would be liable only insofar as they personally posted about Plaintiff, and Plaintiff makes no non-conclusory allegations that Defendants did so.  *See* FAC ¶ 52 (alleging generally, without factual support or specifying which Defendants acted, that Defendants "aggressively publish[ed] defamatory and knowingly false statements about him"); Pl. Opp'n at 26 (suggesting that Defendants are aware of the "anonymous" posters of the defamatory material, an allegation which does not appear in the FAC).

Finally, Plaintiff's civil conspiracy claim also fails.  Under both New York and California law, civil conspiracy is not an independent tort; it requires a separate tortious act.  *See Doe v.*

*Merck & Co.*, 803 F. App'x 559, 561 (2d Cir.); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 459 (Cal. 1994). As Plaintiff has not sufficiently stated any tortious acts, his conspiracy claim fails as well.[3]

Moreover, even if Plaintiff had sufficiently pleaded an underlying tort, he does not sufficiently allege an agreement, which is a necessary component of a conspiracy claim. *See R.B. Dev., Co. v. Tutis Cap. LLC*, No. 12 Civ. 1460, 2018 WL 7076023, at *10 (E.D.N.Y. Nov. 14, 2018). Plaintiff makes no non-conclusory allegations that Defendants had a meeting of the minds with each other or with the rest of those involved in the alleged scheme. *See, e.g.*, FAC ¶¶ 76–85, 98–108; *see also Oceanside Organics v. Cty. of San Diego*, No. 15 Civ. 854, 2018 WL 1156431, at *5 (S.D. Cal. Mar. 5, 2018); *Kesner v. Dow Jones & Co., Inc.*, No. 20 Civ. 3454, 2021 WL 256949, at *28 (S.D.N.Y. Jan. 26, 2021).

Accordingly, the Remaining Defendants' motion to dismiss Plaintiff's state law claims is GRANTED.

    C.    Leave to Amend

Plaintiff, in the event the Court dismisses his claims, moves for leave to file a second amended complaint. Pl. Opp'n at 27–28. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that courts "should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). *Pro se* litigants "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000) (citation omitted). Under this liberal standard, a motion for leave to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile. *See Foman v. Davis*,

---

[3] Although Plaintiff originally brought a claim for defamation, ECF No. 1, he retracted that claim in the FAC.

10

371 U.S. 178, 182 (1962); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Plaintiff argues in support of his request that "clear facts establishing a pattern of anonymous defamation and extortion" by Defendants and others can be alleged. Pl. Opp'n at 27. The Remaining Defendants contend that Plaintiff has now had several opportunities to plead his claims and cannot do so, and that there is "a strong aroma of bad faith" in Plaintiff's claims, which are "made without factual support." Def. Reply at 8, ECF No. 88.

Although the Court does not find that Plaintiff acted in bad faith, *see Fontoine v. Permanent Mission of Chile to United Nations*, No. 17 Civ. 10086, 2019 WL 2482374, at *6 (S.D.N.Y. June 14, 2019) (explaining that courts "consistently reject" "conclusory allegation[s] of bad faith" (citation omitted)); *see also Cmty. Ass'n Underwriters of Am., Inc. v. Main Line Fire Prot. Corp.*, No. 18 Civ. 4273, 2020 WL 5089444, at *3 (S.D.N.Y. Aug. 28, 2020), the Court shall not grant Plaintiff leave to amend at this time because it cannot evaluate whether such an amendment would be futile, *see Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004); *see also* ECF No. 96. Plaintiff has neither provided a proposed second amended complaint, nor set forth the facts he would include in the second amended complaint.

Accordingly, Plaintiff's request to amend the FAC is DENIED without prejudice to renewal.

## CONCLUSION

For the reasons stated above, the Remaining Defendants' motion to dismiss is GRANTED. Plaintiff's motion for leave to amend is DENIED without prejudice to renewal. By **July 6, 2022**, Plaintiff may move to file a second amended complaint, with an exhibit containing the proposed second amended complaint.

SO ORDERED.

Dated: June 3, 2022
       New York, New York

ANALISA TORRES
United States District Judge