USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/23/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DR. STEWART LUCAS MURREY,

                Plaintiff,

   -v.-

BRANDYOURSELF.COM, INC., TOM
VITOLO, and CHRISTIAN TRYON,

                Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

21-CV-320 (AT) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Analisa Torres, United States District Judge:**

Dr. Stewart Lucas Murrey, proceeding *pro se*, brought this action, *inter alia*, against BrandYourself.com, Inc., Tom Vitolo, and Christian Tryon, alleging that they were involved in a conspiracy to publish negative and harmful information about him on the Internet.[1] Pending before the Court is Murrey's motion to further amend his complaint, and to transfer this case back to the Central District of California, where he had originally filed it in 2020. For the reasons set forth below, leave to amend the first amended complaint should be denied, and the motion to transfer should be denied as moot. Additionally, to the extent BrandYourself.com, Inc., Tom Vitolo, and Christian Tryon seek clarification of the Court's June 3, 2022 order, the claims against them should be dismissed with prejudice.

---

[1] Murrey had sued other defendants as well, who were all previously dismissed. These three are the remaining defendants.

1

## I. BACKGROUND

This action arises out of Murrey's allegations that beginning in late 2016, a series of defamatory comments were posted about him on the website www.cheaterreport.com ("Cheaterreport") and the posts harmed his reputation, harmed his ability to earn money, and led him to being falsely arrested twice. First Amended Complaint ("FAC") ¶¶24–28, Dkt. No. 9. Murrey further alleged that he hired BrandYourself.com ("BrandYourself"), Tom Vitolo, and Christian Tryon (together, the "BrandYourself Defendants") to improve his online presence and reputation, but instead they worked together with Cheaterreport to publish negative information about him on the Internet. FAC ¶28.[2]

Murrey originally filed this action in the Central District of California on July 13, 2020, against Cheaterreport and Does 1 through 10. Complaint, Dkt. No. 1. On July 16, 2020, the Honorable Percy Anderson dismissed the complaint for lack of subject matter jurisdiction with leave to amend, Dkt. No. 7, and on August 3, 2020, Murrey filed the FAC, the operative complaint. On December 18, 2020 and December 28, 2020, the claims were dismissed against all defendants except for the BrandYourself Defendants. Dkt. Nos. 62, 66. Judge Anderson then transferred the case to the Southern District of New York on January 13, 2021, due to a forum selection provision in the contract between Murrey and the BrandYourself Defendants. Dkt. No. 75. On June 3, 2022, Judge Torres dismissed the FAC but

---

[2] As Judge Torres previously issued a decision in this case summarizing the relevant factual background in greater detail (Dkt. No. 99), the Court incorporates that summary by reference and will not repeat it here.

allowed Murrey until July 6, 2022 to file a motion for leave to further amend his pleadings. Dkt. No. 99.

On July 6, 2022, Murrey timely moved for leave to amend and attached his proposed second amended complaint ("PSAC"). Notice of Motion to File an Amended Complaint, Dkt. No. 100.[3] On July 8, 2022, Murrey moved to transfer the action back to the Central District of California ("Trans. Mot."). Notice of Motion to Transfer Pursuant to 28 U.S.C. §1404(a), Dkt No. 102. On July 20, 2022, the BrandYourself Defendants filed a response to Murrey's motion to amend. Dkt. No. 105. On July 25, 2022, Murrey filed reply papers. Dkt. No. 106. On July 12, 2022, Judge Torres referred the motions to me. Dkt. Nos. 101, 104.[4]

---

[3] The Notice of Motion to File an Amended Complaint filed on July 11, 2022, at docket number 103, appears to be the same as the motion at docket number 100, with the addition of a scanned copy of the envelope Murrey used to mail his motion papers to the Court.

[4] Both motions to amend and motions to transfer are classified as non-dispositive. *See, e.g., Fezzani v. Bear, Stearns & Co., Inc.*, No. 99-CV-793 (PAC) (JLC), 2022 WL 782751, at *1, n.1 (S.D.N.Y. Mar. 15, 2022) (collecting cases) (motions to amend non-dispositive in Second Circuit); *United States ex rel. Fisher v. Bank of Am., N.A.*, 204 F. Supp. 3d 618, 620 n.1 (S.D.N.Y. 2016) (motions to transfer non-dispositive). In this instance, in an abundance of caution, and because a denial of Murrey's request for leave to amend would be dispositive and result in the dismissal of his lawsuit, the Court is issuing a report and recommendation instead of an opinion. *See, e.g., Crenshaw v. Hamilton*, No. 08-CV-6186 (DGL) (JWF), 2012 WL 1565696, at *1, n.1 (W.D.N.Y. Mar. 30, 2012), *adopted by* 2012 WL 1565685 (Apr. 30, 2012) (citation omitted).

## II. DISCUSSION

### A. Standard of Review

#### 1. Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of pleadings. Rule 15(a)(2) specifies that a district court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A court should deny leave to amend only where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Williams v. Citigroup Inc.*, 659 F.3d 208, 213–14 (2d Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Courts will find good reason to deny a request for leave to amend pursuant to Rule 15 where the proposed amendment is futile because, for example, it fails to state a viable legal claim or is time-barred." *Kleeberg v. Eber*, 331 F.R.D. 302, 314 (S.D.N.Y. 2019) (quotation marks omitted).

#### 2. Motion to Transfer

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district

where the person is domiciled, and a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. §§ 1391(c)(1), (2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[5]

Even if venue is proper, the Court may still transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) (citation omitted).

Determining whether transfer is appropriate is a two-step inquiry. First, courts are required to determine whether the case could have been brought in the proposed transferee district: if that district "has personal jurisdiction over the defendant and venue is proper there." *Nuss v. Guardian Life Ins. Co. of Am.*, No. 20-CV-9189 (MKV), 2021 WL 1791593, at *2 (S.D.N.Y. May 5, 2021). If that threshold issue is met, courts then consider the totality of the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of

---

[5] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

b

operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to a plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of the circumstances. *See, e.g., D.H. Blair & Co*, 462 F.3d at 106–07; *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458–59 (S.D.N.Y. 2011).

**B.    Analysis**

   **1.    Leave to Amend Should be Denied**

Murrey's request for leave to amend the FAC should be denied because he has not presented a cognizable claim.  Murrey requests leave to file a second amended complaint in which he will bring claims solely against new defendants: the Federal Communications Commission (the "FCC") and Does 1–50, consisting of both persons and entities, the identity of which are currently unknown to Murrey.  PSAC ¶¶ 28, 29.  With regard to the FCC, Murrey proposes to allege violations of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.  *Id.* at ¶¶117, 125.  However, the FCC is a federal agency and as such, has sovereign immunity.  *See, e.g., Aliksanyan v. Verizon*, No. 17-CV-394 (MKB), 2018 WL 11415415, at *10 (E.D.N.Y. Mar. 31, 2018) (FCC is federal agency); s*ee also, e.g., Neira v. Fed. Bureau of Prisons*, No. 97-CV-1598 (EHN), 1998 WL 178818, at *3 (E.D.N.Y. Jan. 30, 1998) ("Claims against federal agencies and officials based on constitutional violations are barred because they are the equivalent of suits

6

against the United States, which is protected by sovereign immunity.") (citation omitted). Thus, any claims against the FCC would not be cognizable. *See, e.g.*, *Rudolph v. Dep't of Just.*, No. 19-CV-6661 (AMD) (LB), 2020 WL 376638, at *1 (E.D.N.Y. Jan. 23, 2020) (claim against federal agency dismissed because sovereign immunity not waived) (citations omitted).

With regard to Does 1–50, Murrey alleges that their "true identities are currently unknown" but that they participated in, and are in some way responsible for, "the illegal extortion scheme described herein." PSAC ¶29. Although Murrey does provide further allegations regarding Does 1–50's actions—they "posted severe defamation of [Murrey] on Cheaterreport and other related websites; . . . registered, operated, maintained and paid for Cheaterreport; . . . extorted [Murrey] directly and those to whom he lent money such as [his] girlfriend before she passed from cancer," among others, *see id.*, the allegations do not provide sufficient specificity regarding the identities of Does 1–50.[6] Accordingly, Murrey's motion to amend to add these

---

[6] Notably, many of the proposed allegations relate to activity that was alleged to have occurred on Cheaterreport. *See, e.g.,* PSAC ¶¶55 ("severe damages and harm incited by Cheaterreport e.g. when defendants used Cheaterreport defamation"); 60 ("postings on and publications by Cheaterrerport"); and 92 ("Defendants owned and operated a revenge-porn/shaming website [called] Cheaterreport"). However, in the proposed second amended complaint, Murrey, without explanation, did not name Cheaterreport as a defendant. In his original complaint, which was dismissed for lack of subject matter jurisdiction (*see* Dkt. No. 7), Murrey named Cheaterreport as a defendant, *see* Complaint, at 1, but then in his FAC, Murrey dropped Cheaterreport. On December 17, 2020, while the action was still in the Central District of California, Murrey moved for leave to file a second amended complaint to again include Cheaterreport as a defendant (*see* Dkt. No. 60), which Judge Anderson denied because Murrey failed to attach a proposed amended complaint and thus failed to satisfy the requirements of Local Rule 15-1 of the Central District of California. Dkt. No. 75.

defendants also fails. *See, e.g., In re Murphy*, 482 F. App'x 624, 627 (2d Cir. 2012) (addition of unidentified defendants would be futile where plaintiff had approximately three years to discover their identity); *see also, e.g., Murphy v. Grabo*, No. 94-CV-1684 (RSP) (GJD), 1998 WL 166840, at *1 (N.D.N.Y. Apr. 9, 1998) (request to include "Known and Unknown Defendants" was "properly denied").

In sum, while *pro se* litigants like Murrey are entitled to "special solicitude," and the Court shall construe a *pro se* pleading to raise "the strongest claims that it suggests," *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016) (citation omitted), Murrey's motion to further amend should be denied because he has not stated a cognizable claim, and his motion to transfer accordingly should be denied as moot.

### 2. In the Alternative, Murrey's Motion to Transfer Should be Granted

If the Court were to grant Murrey leave to file a second amended complaint, then the Court should grant Murrey's motion to transfer. Murrey brought this action in the Central District of California because he resides there. FAC ¶2. The case was only transferred to the Southern District of New York because the BrandYourself Defendants sought to enforce a forum selection clause in a contractual agreement it had with Murrey. Dkt. No. 75, at 5.

Now that the BrandYourself Defendants have been dismissed from the case (as Murrey himself points out, *see* Trans. Mot. at 1), and Murrey has not named them as defendants in his proposed second amended complaint, the action no longer has any connection to the Southern District of New York. The BrandYourself Defendants, having not been named in Murrey's proposed second amended

complaint, have not opposed Murrey's request to transfer. Although the defendants named in Murrey's proposed second amended complaint, the FCC and Does 1–50, have not been served and so they are not on notice of Murrey's request to transfer, "a court may [still] transfer a case *sua sponte* where such transfer would be '[f]or the convenience of parties and witnesses,' and 'in the interest of justice,' so long as the case is transferred to another 'district or division where it might have been brought.'" *Delgado v. Villanueva*, No. 12-CV-3113 (JMF), 2013 WL 3009649, at *3 (S.D.N.Y. June 18, 2013) (citing to 28 U.S.C. § 1404(a)). Because the Central District of California was the original venue for Murrey's claims, it would be proper for the case to be transferred back to that District if it is to proceed against the new defendants. *Delgado*, 2013 WL 3009649, at *3 (district court "shall" dismiss or transfer "a case laying venue in the wrong division or district" (citing to 28 U.S.C. § 1406(a))).

### 3. The BrandYourself Defendants Should be Dismissed With Prejudice

In response to Murrey's motion for leave to further amend his pleadings, the Brandyourself Defendants request that the Court dismiss Murrey's claims in his FAC against them with prejudice. Dkt. No. 105, at 6. To the extent they are seeking clarification of the Court's order dated June 3, 2022, the BrandYourself Defendants should be dismissed with prejudice. Murrey's proposed second amended complaint does not even name BrandYourself.com, Tom Vitolo, or Christian Tryon as defendants. Accordingly, since Murrey has already amended his complaint once, and his new proposed amended complaint does not assert a claim against them,

dismissal with prejudice is appropriate. *See, e.g., Porter v. Gummerson,* No. 04-CV-988 (TJM) (DRH), 2007 WL 446026, at *4–5 (N.D.N.Y. Feb. 8, 2007) (where *pro se* plaintiff "abandoned" claims against defendants, those claims were dismissed with prejudice).

### III.     CONCLUSION

For the reasons stated herein, leave to amend should be denied, the motion to transfer should be denied as moot, and the BrandYourself Defendants should be dismissed with prejudice.

### PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. *See* Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within fourteen (14) days after being served. Fed. R. Civ. P. 72(b)(2). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Analisa Torres and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Torres.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW**. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. *See Thomas v.*

*Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

If Murrey does not have access to cases cited herein that are reported on Westlaw, he should request copies from counsel for the Brandyourself Defendants. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009); Local Civil Rule 7.2, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Dated:  New York, New York
           September 23, 2022

_____
JAMES L. COTT
United States Magistrate Judge